# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2505

_____

United States of America

*Plaintiff - Appellee*

v.

Gabriel Mangum

*Defendant - Appellant*

_____

No. 21-2513

_____

United States of America

*Plaintiff - Appellee*

v.

Gabriel Mangum

*Defendant - Appellant*

_____

No. 21-2514

_____

United States of America

*Plaintiff - Appellee*

v.

Gabriel Mangum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2022
Filed: August 9, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

After escaping from a residential reentry center, Gabriel Mangum received consecutive prison sentences: one for escaping from custody, 18 U.S.C. § 751(a), and another for violating the conditions of supervised release, 18 U.S.C. § 3583(e)(3). As he concedes, "[b]oth [of his] arguments" on appeal "are squarely foreclosed by existing precedent."

The first is an argument that residing in a reentry center is not "custody." *See* 18 U.S.C. § 751(a). As we have already held, however, escape from custody includes an "unauthorized departure from [a] residential reentry facility." *United States v. Goad*, 788 F.3d 873, 876 (8th Cir. 2015). Although Mangum asks us to overrule *Goad*, "one panel may not overrule an earlier decision by another." *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018) (citation omitted).

Nor can we say that imposing consecutive sentences violated double jeopardy. *See* U.S. Const. amend. V. We have long held that "the same conduct can result in both a revocation of a defendant's supervised release and a separate criminal conviction without raising double jeopardy concerns." *United States v. Wilson*, 939

F.3d 929, 931 (8th Cir. 2019). Nothing in *United States v. Haymond*, 139 S. Ct. 2369 (2019) (plurality opinion), is to the contrary. *See Wilson*, 939 F.3d at 932–33 (distinguishing *Haymond* on the ground that the revocation sentence was mandatory).

We accordingly affirm the judgment of the district court.[1]

_____

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.